UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MASTER CRAFT, ET AL.,                              CIVIL NO.  04-132 (JMR/JSM)

    Plaintiffs,

v.                                                      REPORT AND RECOMMENDATION

STANLEY WORKS, ET AL.,

    Defendants.

The above matter came before the undersigned United States Magistrate Judge on upon plaintiff Master Craft Tool Company, LLC's Motion to Dismiss its Own Claims with Prejudice Pursuant to Rule 41(a)(2) [Docket No. 140], and defendants' Motion to Dismiss [Docket No. 147].  Jeffery Post, Esq. appeared on behalf of plaintiff Master Craft Tool Company, LLC; Richard Bartz, Esq. appeared on behalf of plaintiffs Zeal Industries, Inc., Posi-Grip Tool, Inc., Robert Albertson, and David Albertson (hereinafter referred together as the "Albertson Plaintiffs"); and Savalle Sims, Esq. and Tim Pramas, Esq. appeared on behalf of defendants. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b).

**I.**     **Factual Background**

    **A.**     **Plaintiff Master Craft's Motion to Dismiss Pursuant to Rule 41(a)(2)**

Plaintiff Master Craft Tool Company, LLC ("Master Craft") has represented that it seeks to dismiss all of its claims against defendants with prejudice as it lacks the financial resources to continue this litigation.  See Memorandum in Support of Master Craft Tool Company, LLC's Motion to Dismiss Pursuant to Rule 41(a)(2) ("Master Craft

Mem.") at p. 1; see also Declaration of Timothy Manske ("Manske Decl."), ¶ 3. In support of its request for dismissal, Timothy Manske, the former Account Manager for Master Craft, stated that Master Craft is no longer engaged in normal business operations, is in the process of liquidating its assets, has no employees, and save for some inventory, has no remaining assets. See Manske Decl., ¶ 2.

In September of 2005, Master Craft and defendants agreed to a stipulation of dismissal:

> Pursuant to Federal Rule of Civil Procedure § 41(a)(1), the parties to this litigation stipulate as follows:
>
> (1) Master Craft Tool Company, LLC's claims are dismissed with prejudice; and
>
> (2) The Court shall retain jurisdiction over Master Craft for the limited purposes of discovery relating to the Defendant Stanley Work's Motion for Sanctions And To Compel dated June 7, 2005, and for relief granted against Master Craft, if any, pursuant to the Motion

See Declaration of Jeffery W. Post in Support of Motion to Dismiss Pursuant to Rule 41(a)(2) ("Post Decl."), Ex. A.

The Albertson Plaintiffs refused to sign the stipulation. See Post Decl., ¶ 3. However, at the hearing, the Albertson Plaintiffs stated that they did not oppose allowing Master Craft to dismiss their claims with prejudice. On the other hand, defendants stated at the hearing that they would only agree to Master Craft's dismissal from this case if this Court not only retained jurisdiction over Master Craft, but also asserted jurisdiction over Kamran Talebi ("Talebi"), its former Chief Executive Officer and present shareholder, for the limited purpose of allowing defendants to seek sanctions arising out of emails dated October 13, 2003 (Bates numbers MC001733-35 and MC003164-65) alleged to have

been altered by Master Craft or Talebi. The grounds for defendants' position with respect to Master Craft and Talebi was that defendants had previously moved this Court for sanctions against plaintiffs for the alleged alteration the October 2003 emails, and that jurisdiction over them was necessary to resolve that motion. In an Order dated March 22, 2006 [Docket No. 169], this Court ordered plaintiffs to provide certain discovery bearing on the emails, including the taking of the deposition of Talebi for a second time, denied without prejudice defendants' request for further discovery to determine the scope of plaintiffs' alleged wrongful conduct, and denied without prejudice defendants' motion for sanctions. In this Order, the Court also indicated that after completing discovery bearing on the alleged alteration of emails, defendants could renew their motion for sanctions. Defendants argued that if jurisdiction over Talebi individually were not maintained, they would lose the ability to depose him as an agent of a party given that he is not longer the chief operating officer for Master Craft.

      **B.**    **Defendants' Motion to Dismiss**

On September 15, 2005, this Court granted the Motion to Withdraw by plaintiffs' counsel. See September 15, 2005 Order [Docket No. 138]. Further, the Court stayed litigation in this matter until October 12, 2005, so that the Albertson Plaintiffs could retain new counsel. Id. At the same time, this Court warned plaintiffs Posi-Grip Tool Company, Inc. ("Posi-Grip"), and Zeal Industries, Inc. ("Zeal") that a corporation may not proceed pro se or by a representative or agent of the corporation, and that "failure to obtain licensed counsel may result in dismissal of their claims against defendants." Id. (emphasis added). No counsel entered an appearance of behalf of plaintiffs Posi-Grip and Zeal on or before October 12, 2005.

3

On October 14, 2005, defendants filed the present motion to dismiss. As a part of their motion, defendants argued that the claims by the corporate plaintiffs, Posi-Grip and Zeal should be dismissed, as they were not represented by legal counsel and therefore, had no standing to maintain their claims. See Memorandum in Support of Defendant's Motion to Dismiss ("Def.'s Mem.") at pp. 3-4. Defendants also argued that Robert Albertson and David Albertson lacked standing in this case as they had assigned all rights, title, and interest in the "0°" and related trademarks to plaintiff Posi-Grip. Id. at p. 4; see also Declaration of E. Baxter in Support of Defendant's Motion to Dismiss ("Baxter Decl."), Ex. A.

On November 28, 2005, this Court filed a Trademark Assignment Agreement received by it from Robert Albertson and David Albertson on November 23, 2005. See Docket No. 156. The Trademark Assignment Agreement, dated October 17, 2005, provides in relevant part as follows:

> NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledge [sic], ZEAL hereby assigns all rights, title in and to the trademarks 0°, ZERO, and ZERO DEGREE and United States Trademark Application Serial No. 78/472,725 and registration resulting from this Application of the trademark 0° including the goodwill of the business connected with the use of these trademarks through the world, all rights or priority as may now or hereinafter be granted by law, treaty, or other international convention, and all rights, interests, claims, and demands recoverable in law or in equity that ZEAL has or may have in profits and damages for past, present and future infringement and misappropriations thereof, including but not limited to, the right to compromise, surface, and collect profits and damages.[1]

---

[1] There is no evidence in the record to suggest that Posi-Grip ever had any interest in the trademarks 0°, ZERO, and ZERO DEGREE.

In addition, on November 28, 2005, Bartz & Bartz, P.A. entered a notice of appearance of on behalf of the corporate plaintiffs, however, this notice was not filed with the Court until February 1, 2006.[2]  See Docket No. 158.  On February 2, 2006, the Albertson Plaintiffs filed their opposition to Defendants' Motion to Dismiss arguing that all of the Albertson Plaintiffs have an interest in the subject matter of this litigation and are presently represented by counsel.  See Plaintiff's Opposition to Defendants' Motion to Dismiss at pp. 2-3.

On February 6, 2006, defendants filed their reply memorandum in support of their motion to dismiss.  Defendants argued that their motion to dismiss should be granted on the grounds that: (1) Posi-Grip and Zeal should be dismissed from the case as they have no interest in the case, given their transfer of the rights in the 0°, ZERO, and ZERO DEGREE trademarks to Robert and David Albertson; and (2) that their motion should be granted as unopposed because the Albertson Plaintiffs' opposition memorandum was served and filed late.[3]  Defendants also raised in their Reply, for the first time, their argument that the Albertson Plaintiffs' false advertising claim should be dismissed because they have never sold a "Made in the USA" ratchet.  See Defendant's Reply Memorandum in Support of its Motion to Dismiss ("Defs.' Reply Mem.") at pp. 3, 7-8.

---

[2]  At the hearing, Richard Bartz, from the Bartz & Bartz law firm, represented to this Court that he is also representing plaintiffs Robert Albertson and David Albertson in this matter.

[3]  Defendants argue that the Albertson Plaintiffs' opposition memorandum should be stricken as it was served and filed late.  However, given that defendants were able to file a reply memorandum, this Court finds defendants experienced no substantive prejudice from the Albertson Plaintiffs' late submissions.

## II. DISCUSSION

### A. Plaintiff's Motion to Dismiss Pursuant to Rule 41(a)(2)

Before response to a complaint, a plaintiff has an automatic right to obtain a dismissal. Fed. R. Civ. P. 41(a)(1). After response, permission to dismiss becomes discretionary, and is subject to appropriate terms. Fed. R. Civ. P. 41(a)(2); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394 (1990). The purpose of allowing a defendant to object to a dismissal under Rule 41(a)(2) is primarily to prevent voluntary dismissals that prejudice the defendant. Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984).

Defendants have agreed to Master Craft's dismissal from this case on the condition that this Court retain jurisdiction over Master Craft and Talebi, for the limited purpose of permitting defendants to seek sanctions arising out of the allegedly fabricated emails dated October 13, 2003. Talebi is a present shareholder of Master Craft, but is not a named party to this action. Talebi is not a currently an employee of Master Craft.

This Court cannot force Master Craft to continue to prosecute its daims in this matter when they seek to dismiss all of their claims against defendants with prejudice. See Smoot v. Fox, 340 F.2d 301, 303 (6th Cir. 1964) ("We know of no power in a trial judge to require a lawyer to submit evidence on behalf of a plaintiff, when he considers he has no cause of action or for any reason wishes to dismiss his action with prejudice, the client being agreeable."); see also Brown v. Brown, 343 F. Supp.2d 195, 199 (E.D.N.Y. 2004) (quoting F.D.I.C. v. Becker, 166 F.R.D. 14, 15 (D. Md. 1996)) ("'Whenever a suit is dismissed without prejudice under Rule 41(a)(2), the defendant remains under the threat of another lawsuit. But when that threat is removed by a dismissal with prejudice, any injustice to the defendant is significantly lessened.'"). At

the same time, this Court cannot allow Master Craft to be entirely dismissed from this action until the issue of sanctions with regards to the altered emails is resolved. Therefore, this Court concludes it must retain jurisdiction over Master Craft as a party in order to ensure that defendants' claims regarding altered evidence can be addressed. By retaining Master Craft as a plaintiff in this case, this Court is not suggesting that it must continue to prosecute its case against the defendants.  However, Master Craft must remain a party in this action until such time as the issue of sanctions as to the alleged altered evidence is decided.  Once there has been a disposition of this issue, Master Craft will then be allowed to withdraw from this case and have its claims against defendants dismissed with prejudice.

As to Talebi, as he is not a party to this action, this Court does not have jurisdiction over him and has no power to make him a party to the action.  If he is presently an officer, director, or managing agent of Master Craft, he be deposed as an agent of a party plaintiff.  See Amway Corp. v. Nartron Corp., No. 1:92 CV 156, 1992 WL 478099 at *2 (W.D. Mich. 1992) (citing 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 2107).  Alternatively, defendants may procure his deposition by a subpoena under Rule 45 of the Federal Rules of Civil Procedure.

In summary, Master Craft's Motion to Dismiss Pursuant to Rule 41(a)(2) should be denied until such time as the issue of sanctions, defendants may seek regarding the allegedly altered emails dated October 13, 2003 (Bates numbers MC001733-35 and MC003164-65), is resolved.

**B.    Defendants' Motion to Dismiss**

   1.   Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts must view the complaint in the light most favorable to the non-moving party and may dismiss the complaint only if no relief can be granted under any set of facts that could be proven consistently with the complaint's allegations. Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  However, "the court need not accept, as true, wholly conclusory allegations, or unwarranted factual inferences.  Moreover, in treating the factual allegations of a complaint as true, the court does not, however, blindly accept the legal conclusions drawn by the pleader from the facts." Helleloid v. Indep. Sch. Dist. Number 361, 149 F. Supp.2d 863, 867 (D. Minn. 2001).  To avoid dismissal under Rule 12(b)(6), the "complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claims." DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002).

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss.  However, this does not mean that only the complaint itself may be reviewed.  As the Court noted in Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir.1999):

> When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' Missouri ex rel.

8

>Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir.), cert. denied, __U.S.__, No. 98-1848, 1999 WL 319349 (U.S. June 24, 1999), as well as materials that are 'necessarily embraced by the pleadings.' Piper Jaffray Cos. v. National Union Fire Ins. Co., 967 F. Supp. 1146, 1152 (D. Minn. 1997). See also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d §1357, at 199 (1990)(court may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint').

In their motion papers submitted to the Court, both parties rely on the October 17, 2005 Trademark Assignment Agreement with regards to a portion of defendants' Motion to Dismiss. The Trademark Assignment Agreement was not in existence at the time plaintiffs filed their Amended Complaint and cannot be considered by the Court on a Motion to Dismiss. See Henderson v. Dosal, No. 04-3837 (DWF/JSM), 2005 WL 3620299 at *2 (D. Minn. Dec. 5, 2005) (citations omitted) (finding that on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court generally must ignore materials outside the pleadings). Therefore, since both parties have relied on this document, this Court converts defendants' motion to dismiss, with regards to Posi-Grip and Neal's ability to maintain an action involving the trademarks at issue, into a motion for summary judgment. See Fed. R. Civ. P. 12(b)(6) ("If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . .").

Summary judgment is proper if, drawing all reasonable inferences favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celeotex Corp. v.

Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); see also Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219 (8th Cir. 1999). "[S]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327. "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" DePugh v. Smith, 880 F. Supp. 651, 656 (N.D. Iowa 1995) (quoting Anderson, 477 U.S. at 248).

With these standards of review in mind, this Court now examines defendants' contentions that the Albertson Plaintiffs' claims should be dismissed.

    2.    Defendant's Motion to Dismiss Posi-Grip and Zeal Based on Plaintiffs' Failure to Timely Obtain Counsel

Defendants argued that plaintiffs Posi-Grip and Zeal's claims should dismissed from this case as they did not retain counsel by the deadline set by this Court. In a September 15, 2006 Order [Docket No. 138], this Court stayed litigation in this case until October 12, 2005, so that the Albertson Plaintiffs could retain new counsel. In addition, this Court warned the corporate plaintiffs, Posi-Grip and Zeal, in its September 15, 2006 Order that "failure to obtain licensed counsel may result in dismissal of their claims against defendants." (Emphasis added). A corporation may not proceed pro se or by a representative or agent of the corporation. See Ackra Direct Marketing Corp. v. Fingerhut Corp, 86 F.3d 852, 857 (8th Cir. 1996). Nevertheless, despite the October 12, 2005 deadline set by this Court to retain counsel, it was not until November 28, 2005 that

10

Bartz & Bartz, P.A. entered a notice of appearance as legal counsel for Posi-Grip and Zeal.

This Court acknowledges the difficulty that the Albertson Plaintiffs had in retaining new counsel. Further, although there was a month-and-a half delay in the Albertson Plaintiffs finding legal counsel, this Court finds that defendants have not presented any evidence showing that they suffered any substantial prejudice due this delay. In addition, this Court believes this case should be decided for Posi-Grip and Zeal based on the merits, and not on their ability to retain counsel by the deadline set by this Court. As such, defendants' motion to dismiss claims brought against them by Posi-Grip and Zeal, based on defendants' contention that the plaintiffs did not timely obtain counsel, should be denied.

3.  Defendant's Motion to Dismiss Based on a Lack of Standing of Posi-Grip and Zeal to Assert Claims Against Defendants

Defendants assert that plaintiffs Posi-Grip and Zeal have no interest in the present case given the transfer of the rights in the 0°, ZERO, and ZERO DEGREE trademarks at issue to Robert and David Albertson. It is undisputed that the October 17, 2005 Trademark Assignment Agreement transferred from Zeal to Robert Albertson and David Albertson "all rights, interests, claims, and demands recoverable in law or in equity that ZEAL has or may have in profits and damages for past, present and future infringement and misappropriations thereof" pertaining to the trademarks 0°, ZERO, and ZERO DEGREE and United States Trademark Application Serial No. 78/472,725 and registration." Consequently, this Court finds that the plain language of the Trademark Assignment Agreement assigned all rights in the trademarks at issue in this case,

11

including any past, present and future infringement and misappropriations claims arising out of these trademarks, to the individual Albertsons, and it is only these persons that presently have any right to assert such claims. As such, as neither Posi-Grip nor Zeal have any interest in the trademarks at issue in this case, any claims brought by these plaintiffs pertaining to the infringement and misappropriation of these trademarks should be dismissed.

The question then is which of the claims asserted by Posi-Grip and Zeal against defendants are dependant on the trademarks at issue, thereby precluding these corporate plaintiffs from maintaining these claims. The Albertson Plaintiffs' claims against defendants are as follows: (1) trademark infringement in violation of the Lanham Act; (2) unfair competition; (3) false advertising in violation of the Lanham Act; (4) false advertising in violation of Minn. Stat. § 325F.67; (5) violation of the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, et seq.; (6) violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43, et seq.; (7) misappropriation of trade secrets in violation of Minn. Stat. § 325C.01, et seq.; (8) misappropriation of trade secrets in violation of common law; (9) fraud; (10) negligent misrepresentation; (11) breach of contract; (12) unjust enrichment; and (13) promissory estoppel.

This Court finds that plaintiffs' trademark infringement claim (Count I) and false advertising claim in violation of the Lanham Act (Count III) are both dependant on the trademarks at issue. Plaintiffs' trademark infringement claim, Count I, asserts that the defendants alleged use of the 0°, ZERO, and ZERO DEGREE trademark infringed on plaintiffs' trademark rights under the Lanham Act. See Amended Complaint, ¶ 54. Count III, plaintiffs' false advertising claim under the Lanham Act, seeks damages in the

form of loss of sales and goodwill arising out of defendants use of the ZERO°, and ZERO DEGREE monikers for their wrenches. Id., ¶¶ 44, 64, 67. Since Posi-Grip and Zeal have no interest in the trademarks at issue, they have no standing to assert these claims against defendants and summary judgment against Posi-Grip and Zeal on these claims should be granted.

Count II, plaintiffs' unfair competition claim, is very general as it only alleges "defendants' conduct described herein constitutes unfair competition under the Lanham Act and state law." Id., ¶ 61. To the extent that that this claim relies on the Lanham Act and the trademarks at issue, summary judgment as to Posi-Grip and Zeal's should be granted due to the fact that they have no interest in the trademarks at issue. However, this Court finds no basis to grant summary judgment against Posi-Grip and Zeal on Count II to the extent it does not deal with trademark infringement or misappropriation.

With regards to the state false advertising claim, Count IV, Albertson Plaintiffs have only stated that the defendants falsely advertised their goods, without specifying the substance of the misrepresentations. See Amended Complaint, ¶ 71. False advertising under Minn. Stat. § 325F.67 occurs when a corporation with intent to sell merchandise, places before the public an advertisement of any sort containing any material assertion, representation, or statement of fact that is untrue, deceptive, or misleading. Prior allegations in the Amended Complaint reference the defendants' use the ZERO° and ZERO DEGREE trademarks for their competing wrenches. Id., ¶¶ 44, 46. In addition, the Amended Complaint alleges that defendants mislead the public by claiming that their wrenches were made in the United States when they were not, and by referencing an incorrect patent on defendants' gearless wrenches. Id., ¶¶ 49-50. While

13

the use of the ZERO° and ZERO DEGREE trademarks relates to the trademarks at issue, the state false advertising claim related to whether defendants' wrenches were made in the United States or whether they had the correct patent number does not relate to the trademarks.  As such, Court finds that while Posi-Grip and Zeal do not have standing to assert a false advertising claim under Minn. Stat. § 325F.67 as it relates to defendants' use of the ZERO° and ZERO DEGREE trademarks, these plaintiffs do have standing to assert a false advertising claim related to defendants' alleged representations that their wrenches were made in the United States and the patent number placed on the wrenches.

The Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, et. seq. prohibits the "use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged . . . ." Minn. Stat. § 325F.69. Plaintiffs have not provided with any specificity in Count V which of defendants' alleged misrepresentations violated the Consumer Fraud Act. See Amended Complaint, ¶¶ 73-75. However, as stated previously, the Albertson Plaintiffs did allege in the Amended Complaint that defendants mislead the public by claiming that their wrenches were made in the United States and by referencing an incorrect patent on defendants' gearless wrenches. Id., ¶¶ 49-50.  This Court finds that the latter claim survives defendants' present motion, to the extent that it relates to the public's reliance on the defendants' representations that their wrenches were made in the United States and regarding the patent number placed on their wrenches.  To the extent that Count V references

defendants' use of the ZERO° and ZERO DEGREE trademarks, summary judgment as to Posi-Grip and Zeal should be granted.

Count VI, plaintiffs' claim under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43, et. seq, precludes passing "off goods or services as those of another," misrepresenting the standard quality or grade of a good, misrepresenting the geographical origin of a good, and "any other conduct which similarly creates a likelihood of confusion or of misunderstanding." Minn. Stat. § 325D.44, subd. 1(1), (4), (7), (13). Again, while Posi-Grip and Zeal cannot bring a Deceptive Trade Practices Act based on defendants' use of the ZERO° and ZERO DEGREE trademarks, this Court finds this claim survives defendants' present motion to the extent that it relates to the public's reliance on defendants' representations that their wrenches were made in the United States and regarding the patent number placed on defendants' wrenches

The remainder of Albertson Plaintiff's claims, as set forth in Counts VII-XIII--misappropriation of trade secrets in violation of Minn. Stat. § 325C.01, et seq., misappropriation of trade secrets in violation of common law, fraud, negligent misrepresentation, breach of contract, unjust enrichment, and promissory estoppel--are not dependant on the trademarks at issue and therefore, summary judgment should not be granted on these claims.

    4.    <u>False Advertising Claims</u>

Defendants have also asserted that the Albertson Plaintiffs' state false advertising claim should be dismissed because they have never sold a "Made in the USA" ratchet themselves. <u>See</u> Defs.' Reply Mem. at pp. 8-9. Defendants' counsel represented at the hearing that defendants were relying on the factual record set forth in their Memorandum

15

in Opposition to Plaintiffs' Motion for Leave to Amend their Complaint to add Punitive Damages.  The Albertson Plaintiffs have withdrawn their motion for punitive damages since the hearing on Defendants' Motion to Dismiss.  Therefore, this Court concludes that it is not appropriate to decide a motion to dismiss based on facts outside of the Amended Complaint that were set forth in a withdrawn motion for punitive damages.  This issue is more appropriately handled as a part of a motion for summary judgment with an opportunity for both sides to fully lay out the factual record for review.  As such, defendants' request for dismissal of the Albertson Plaintiffs' false advertising claims should be denied without prejudice.

## **RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that:

1.  Plaintiff Master Craft Tool Company, LLC's Motion to Dismiss its Own Claims with Prejudice Pursuant to Rule 41(a)(2) [Docket No. 140] be **DENIED** without prejudice;

2.  Defendants' Motion to Dismiss [Docket No. 147] be **GRANTED** in part and **DENIED** in part in favor of defendants as follows:

>   a.  That the following claims brought by Posi-Grip Tool Company, Inc., and Zeal Industries, Inc. be dismissed with prejudice:
>
>       i.  Lanham Act claim (Count I) and false advertising claim in violation of the Lanham Act (Count III) in their entirety; and
>
>       ii. Unfair competition (Count II); false advertising in violation of Minn. Stat. § 325F.67 (Count IV); violation of the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, et seq. (Count V); and violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43, et seq. (Count

        VI)--only to the extent any of these claims rely on defendants' use of the ZERO° and ZERO DEGREE marks for their competing wrenches.

b.    That all other claims brought by Posi-Grip Tool Company, Inc., and Zeal Industries, Inc. should not be dismissed.

c.    That defendants' request for dismissal of Robert Albertson and David Albertson's claim for false advertising in violation of Minn. Stat. § 325F.67 (Count IV) be **DENIED** without prejudice.

Dated: April 27, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 15, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **May 15, 2006**.